UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
*Eastern Division*

| | |
|---|---|
| Hong Kong Zhan Teng Jiada Technology Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Shenzhen Liqiu Sanhou Technology Co., Ltd., Shenzhenshi Paileboda Technology Co., Ltd., and Xijie Technology (Zhongshan) Co., Ltd., <br><br> Defendants. | Case No. 26-cv-05413 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Hong Kong Zhan Teng Jiada Technology Ltd., ("ZTJT" or "Plaintiff") for its Complaint against Shenzhen Liqiu Sanhou Technology Co., Ltd. ("Liqiu Sanhou"), Shenzhenshi Paileboda Technology Co., Ltd. ("Paileboda"), and Xijie Technology (Zhongshan) Co., Ltd. ("Xijie") (collectively, "Defendants") alleges:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement of U.S. Patent No. 12,377,343 ("the '343 Patent"), attached as **Exhibit A**, U.S. Patent No. 12,239,914 ("the '914 Patent"), attached as **Exhibit B**, and U.S. Patent No. 12,491,430 ("the '430 Patent"), attached as **Exhibit C** (collectively, the "Asserted Patents"). The Asserted Patents are each directed to a "Puzzle Platform."

## THE PARTIES

2.      ZTJT is a Hong Kong corporation with a principal place of business in Hong Kong, China.

3.      ZTJT owns all rights to the Asserted Patents.

4. Upon information and belief, Liqiu Sanhou is a Chinese company with a principal place of business at No. 117, Guanlan Avenue, Xinhe Community, Fucheng Subdistrict, Longhua District, Shenzhen, China.

5. Upon information and belief, Paileboda is a Chinese company with a principal place of business at 龙华区龙华街道清华社区, 建设东路18号青年创业园B栋315A, 深圳市, 广东, 518110, CN. Upon information and belief, the translation for this address is: Room 315A, Building B, Youth Entrepreneurship Park, No. 18 Jianshe East Road, Qinghua Community, Longhua Subdistrict, Longhua District, Shenzhen City, Guangdong 518110, China.

6. Upon information and belief, Xijie is a Chinese company with a principal place of business at 东区中山五路82号紫翠花园紫荟商务中心, 3栋1016房, 中山市, 广东, 528405, CN. Upon information and belief, the translation for this address is: Room 1016, Building 3, Zihui Business Center, Zicui Garden, No. 82 Zhongshan 5th Road, East District, Zhongshan City, Guangdong 528405, China.

7. Defendants are properly joined under 35 U.S.C. § 299(a) because Defendants, through their own acts and/or through the acts of each other Defendant acting as its representative, alter ego, or agent, make, use, sell, offer to sell, and/or import into the United States the same or materially similar accused puzzle board products that infringe the Asserted Patents such that the claims against Defendants will involve common questions of fact.

**JURISDICTION AND VENUE**

8. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. The Court has subject matter jurisdiction over this patent infringement claim under 28 U.S.C. §§ 1331 and 1338(a).

9.      Defendants sell products to U.S. consumers through online marketplaces such as Amazon.com, Wayfair.com, the TikTok Shop and Temu.com, and through Playboda.com, which are all directed to the U.S. market, including Illinois, and have directed sales into this district.

10.     Upon information and belief, Defendants systematically target their business activities, directly or through intermediaries, at U.S. consumers, including those in Illinois and this judicial district, through Amazon.com, Wayfair.com, the TikTok Shop, Temu.com and/or Playboda.com.  Illinois residents, including those in this district, can view Defendants' sales listings on these platforms, can communicate with Defendants regarding Defendants' infringing product listings using these platforms, can purchase infringing products for delivery into Illinois, including this district, using these platforms, and can receive corresponding sales confirmation using these platforms.

11.     Defendants have sold infringing products into this district and Defendants should reasonably expect such actions to have consequences in Illinois and in this judicial district.

12.     The Court has personal jurisdiction over Defendants because, upon information and belief, Defendants regularly conduct, transact and/or solicit business in this judicial district, have derived significant revenue from business transactions in this judicial district and otherwise have availed themselves of the privileges and protections of Illinois law such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

13.     Venue is proper in this Court under 28 U.S.C. § 1391(c)(3) because Defendants are foreign entities and are not U.S. residents.

**BACKGROUND**

*The Asserted Patents*

14.     The '343 Patent, entitled "Puzzle Platform," was duly and legally issued by the United States Patent and Trademark Office on August 5, 2025.

3

15. ZTJT is the assignee and owner of all right, title, and interest in and to the '343 patent.

16. The '914 Patent, entitled "Puzzle Platform," was duly and legally issued by the United States Patent and Trademark Office on March 4, 2025.

17. ZTJT is the assignee and owner of all right, title, and interest in and to the '914 patent.

18. The '430 Patent, entitled "Puzzle Platform," was duly and legally issued by the United States Patent and Trademark Office on December 9, 2025.

19. ZTJT is the assignee and owner of all right, title, and interest in and to the '430 patent.

20. ZTJT holds the exclusive rights to make, use, sell and/or offer to sell any invention embodying the claims of Asserted Patents throughout the United States, as well as the exclusive right to import any invention embodying the claims of the Asserted Patents into the United States.

21. ZTJT has satisfied the marking requirements of 35 U.S.C. § 287(a) with respect to the Asserted Patents.

*The Infringing Products*

22. Defendants offer for sale and sell in the United States products that infringe at least one the Asserted Patents ("Accused Products").

23. Upon information and belief, Liqiu Sanhou manufactures, imports, sells, offers for sale, and/or markets the Accused Products including, for example, via online marketplaces such as Amazon.com, Wayfair.com, the TikTok shop, and on Playboda.com, either directly or through intermediaries such as Paileboda and Xijie.

4

24. Upon information and belief, Paileboda sells the Accused Products on Amazon.com under the brand name "Playboda." The name "Shenzhenshi paileboda keji youxiangongsi," appears as the seller for the Accused Products sold in the Amazon Playboda Store. (https://www.amazon.com/sp?ie=UTF8&seller=AGTPFWO158YSI&asin=B0C7QFLV8L&ref_ =dp_merchant_link&isAmazonFulfilled=1). Upon information and belief, the pinyin translation of Shenzhenshi paileboda keji youxiangongsi is Shenzhenshi Paileboda Technology Co., Ltd.

25. Upon information and belief, Xijie sells the Accused Products on Amazon.com under the brand name "WELGEE." The name "Xijiekeji(zhongshan)youxiangongsi" appears as the seller for the Accused Products sold in the Amazon WELGEE Store. (https://www.amazon.com/sp?ie=UTF8&seller=A2VM2WV2TSYMHU&asin=B0FD3CBQRH &ref_=dp_merchant_link&isAmazonFulfilled=1). Upon information and belief, the pinyin translation of Xijiekeji (zhongshan) youxiangongsi is Xijie Technology (Zhongshan) Co., Ltd.

26. Upon information and belief, Defendants are affiliates of one another. As depicted below, listings for products under the brand name "Playboda" feature the name "WELGEE" in the marketing product images. (see https://www.wayfair.com/furniture/pdp/playboda-1500-piece-2-in-1-rotating-tilting-puzzle-board-with-drawers-35x27-spinning-puzzle-table-with-protective-cover-fayb1011.html)





27.     The Accused Products include rotating puzzle boards ("Accused Rotating Puzzle Board Products") which are sold at least on Amazon.com in different sizes (e.g. boards for 1000-Piece or 1500-Piece puzzles) and styles (e.g. gray drawers or multicolor drawers) under the following Amazon Standard Identification Numbers (ASINs): B0DH3D7PW1, B0C7QFLV8L, B0CQSZMJBS, and B0F8C1S25B. Amazon.com identifies the products sold under ASINSs B0DH3D7PW1, B0C7QFLV8L and B0CQSZMJBS as being part of the "Playboda" store. Amazon.com identifies the products sold under ASIN B0F8C1S25B as being part of the "WELGEE" store. The Accused Rotating Puzzle Board Products are currently offered for sale on Amazon.com at the following links:

- https://www.amazon.com/dp/B0DH3D7PW1

- https://www.amazon.com/dp/B0C7QFLV8L

- https://www.amazon.com/dp/B0CQSZMJBS

- https://www.amazon.com/dp/B0F8C1S25B

28.     The images below, which were obtained from the first link above, depict one of the Accused Rotating Puzzle Board Products:



29.     The Accused Rotating Puzzle Board Products are also currently offered for sale on Playboda.com, Wayfair.com, the TikTok Shop and Temu.com, as illustrated by the following exemplary links:

- https://playboda.com/collections/spin-series/products/1000pcs-rotating-puzzle-board-multicolor

- https://playboda.com/collections/spin-series/products/1500pcs-rotating-puzzle-board-gray

- https://playboda.com/collections/spin-series/products/1500pcs-rotating-puzzle-board-multicolor)

- https://www.wayfair.com/furniture/pdp/playboda-1000-piece-rotating-puzzle-board-with-4-colorful-drawers-and-protective-mat-30-22-puzzle-tablethe-perfect-accessory-and-gift-for-puzzle-enthusiasts-fayb1020.html

7

- https://www.wayfair.com/furniture/pdp/playboda-1500-pcs-rotating-puzzle-board-with-drawers-and-cover-35x27-portable-jigsaw-puzzle-table-fayb1003.html

- https://www.tiktok.com/shop/pdp/rotating-puzzle-board-by-playboda-1500-pieces-with-drawers-and-cover/1729598653966029654

- https://share.temu.com/uch7d8tCTyC

30.     The Accused Products also include 2-1 rotating and tilting puzzle boards ("Accused Rotating and Tilting Puzzle Boards") which are sold at least on Amazon.com under the following ASINS: B0G3Q1B5LM, B0GRV94MNF and B0FD3CBQRH. Amazon.com identifies the products sold under ASINSs B0G3Q1B5LM AND B0GRV94MNF as being part of the "Playboda" store.  Amazon.com identifies the products sold under ASIN B0FD3CBQRH as being part of the "WELGEE" store.  The Accused Rotating and Tilting Puzzle Board Products are currently offered for sale on Amazon.com at the following links:

- https://www.amazon.com/dp/B0G3Q1B5LM

- https://www.amazon.com/dp/B0GRV94MNF

- https://www.amazon.com/dp/B0FD3CBQRH

31.     The images below, which were obtained from the first link above, depict one of the Accused Rotating and Tilting Puzzle Boards:

 

32.     The Accused Rotating and Tilting Puzzle Boards are also currently offered for sale on Playboda.com, Wayfair.com and the TikTok Shop, as illustrated by the following exemplary links:

- https://playboda.com/collections/comfort-series-tilting-rotating-puzzle-tables/products/1500-piece-rotating-tilting-puzzle-table-with-drawers-and-cover-playboda

- https://www.wayfair.com/furniture/pdp/playboda-1500-piece-2-in-1-rotating-tilting-puzzle-board-with-drawers-35x27-spinning-puzzle-table-with-protective-cover-fayb1011.html

- https://www.wayfair.com/furniture/pdp/playboda-1500-pieces-tilting-rotating-puzzle-board-with-drawers-and-cover-35x27-portable-spinning-plastic-jigsaw-puzzle-table-upgraded-lazy-susan-fayb1018.html

- https://shop.tiktok.com/us/pdp/welgee-1500-piece-puzzle-board-35x27-inch-waterproof/1731999145547043670

- https://www.tiktok.com/shop/pdp/welgee-1500-piece-puzzle-board-35x27-inch-waterproof/1731999145547043670?source=product_detail&enter_method=url_semantic_301

- https://www.tiktok.com/shop/pdp/rotating-tilting-puzzle-board-for-1500-piece-puzzles/1731734153797669495

- https://www.tiktok.com/t/ZT9N8RSAAYPpm-ci6fY/

## Count I
### Infringement of the '343 Patent

33.     ZTJT incorporates the allegations contained in the preceding paragraphs as though fully set forth in this paragraph.

9

34. Defendants have been, and currently are, directly infringing one or more claims of the '343 Patent, including at least claim 23, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, importing, using, offering to sell and selling the Accused Rotating Puzzle Board Products and the Accused Rotating and Tilting Puzzle Board Products. A claim chart comparing exemplary claim 23 of the '343 Patent to a representative Accused Rotating Puzzle Board Product is attached as **Exhibit D**. A claim chart comparing exemplary claim 23 of the '343 Patent to a representative Accused Rotating and Tilting Puzzle Board Product is attached as **Exhibit E**.

35. Defendants also knowingly and intentionally induce infringement of one or more claims of the '343 Patent. As of at least the filing and service of this complaint, Defendants have knowledge of the '343 Patent and the infringing nature of the Accused Products. Defendants, knowing that their products infringe the '343 Patent, including at least claim 23, and with the specific intent for others to infringe the '343 Patent, have knowingly continued to, and currently, actively induce infringement of one or more claims of the '343 Patent under 35 U.S.C. § 271(b) by, among other things, actively inducing others, including their customers, to infringe the '343 Patent. Upon information and belief, Defendants accomplish such inducement by continuing to direct and/or instruct others to use and/or operate puzzle board products that infringe at least claim 23 of the '343 Patent, including the Accused Rotating Puzzle Board Product and the Accused Rotating and Tilting Puzzle Board Products.

36. Defendants' infringing acts are without license or authorization from ZTJT.

37. Defendants have had notice of their infringement of the '343 Patent since at least the filing of this action.

10

38. Defendants' acts of infringement of the '343 Patent recited herein have been committed, and are being committed, with full knowledge of ZTJT's rights in the '343 Patent.

39. Upon information and belief, Defendants have acted, and are continuing to act, despite an objectively high likelihood that their actions constitute infringement of a valid patent.

40. Upon information and belief, Defendants knew or should have known of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Defendants.

41. Pursuant to 35 U.S.C. § 284, ZTJT is entitled to damages for Defendants' infringing acts. Defendants' acts further constitute willful and deliberate infringement, entitling ZTJT to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

42. Unless Defendants are enjoined, they will continue to infringe the '343 Patent directly and to induce their customers to infringe the '343 Patent.

43. As a direct and proximate result of Defendants' infringement of the '343 Patent, ZTJT has suffered irreparable harm. Monetary damages alone cannot compensate for this harm. Unless Defendants are enjoined from further infringement, Defendants will continue to harm ZTJT irreparably.

**Count II**
**Infringement of the '914 Patent**

44. ZTJT incorporates the allegations contained in the preceding paragraphs as though fully set forth in this paragraph.

45. Defendants have been, and currently are, directly infringing one or more claims of the '914 Patent, including at least claims 1 and 24, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, importing, using, offering to sell and selling the Accused

Rotating and Tilting Puzzle Board Products. A claim chart comparing exemplary claims 1 and 24 of the '914 Patent to a representative Accused Rotating and Tilting Puzzle Board Product is attached as **Exhibit F**.

46. Defendants also knowingly and intentionally induce infringement of one or more claims of the '914 Patent. As of at least the filing and service of this complaint, Defendants had knowledge of the '914 Patent and the infringing nature of the Accused Products. Defendants, knowing that their products infringe the '914 Patent, including at least claims 1 and 24, and with the specific intent for others to infringe the '914 Patent, have knowingly continued to, and currently, actively induce infringement of one or more claims of the '914 Patent under 35 U.S.C. § 271(b) by, among other things, actively inducing others, including their customers, to infringe the '914 Patent. Upon information and belief, Defendants accomplish such inducement by continuing to direct and/or instruct others to use and/or operate puzzle board products that infringe at least claims 1 and 24 of the '914 Patent, including the Accused Rotating and Tilting Puzzle Board Products.

47. Defendants' infringing acts are without license or authorization from ZTJT.

48. Defendants have had notice of their infringement of the '914 Patent since at least the filing of this action.

49. Defendants' acts of infringement of the '914 Patent recited herein have been committed, and are being committed, with full knowledge of ZTJT's rights in the '914 Patent.

50. Upon information and belief, Defendants have acted, and are continuing to act, despite an objectively high likelihood that their actions constitute infringement of a valid patent.

51. Upon information and belief, Defendants knew or should have known of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Defendants.

52. Pursuant to 35 U.S.C. § 284, ZTJT is entitled to damages for Defendants' infringing acts. Defendants' acts further constitute willful and deliberate infringement, entitling ZTJT to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

53. Unless Defendants are enjoined, they will continue to infringe the '914 Patent directly and to induce their customers to infringe the '914 Patent.

54. As a direct and proximate result of Defendants' infringement of the '914 Patent, ZTJT has suffered irreparable harm. Monetary damages alone cannot compensate for this harm. Unless Defendants are enjoined from further infringement, Defendants will continue to harm ZTJT irreparably.

**Count III**
**Infringement of the '430 Patent**

55. ZTJT incorporates the allegations contained in the preceding paragraphs as though fully set forth in this paragraph.

56. Defendants have been, and currently are, directly infringing one or more claims of the '430 Patent, including at least claim 1, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, importing, using, offering to sell and selling the Accused Rotating and Tilting Puzzle Board Products. A claim chart comparing exemplary claim 1 of the '430 Patent to a representative Accused Rotating and Tilting Puzzle Board Product is attached as **Exhibit G**.

57. Defendants also knowingly and intentionally induce infringement of one or more claims of the '430 Patent. As of at least the filing and service of this complaint, Defendants had knowledge of the '430 Patent and the infringing nature of the Accused Products. Defendants, knowing that their products infringe the '430 Patent, including at least claim 1, and with the specific intent for others to infringe the '430 Patent, have knowingly continued to, and currently, actively induce infringement of one or more claims of the '430 Patent under 35 U.S.C. § 271(b) by, among other things, actively inducing others, including their customers, to infringe the '430 Patent. Upon information and belief, Defendants accomplish such inducement by continuing to direct and/or instruct others to use and/or operate puzzle board products that infringe at least claim 1 of the '430 Patent, including the Accused Rotating and Tilting Puzzle Board Products.

58. Defendants' infringing acts are without license or authorization from ZTJT.

59. Defendants have had notice of their infringement of the '430 Patent since at least the filing of this action.

60. Defendants' acts of infringement of the '430 Patent recited herein have been committed, and are being committed, with full knowledge of ZTJT's rights in the '430 Patent.

61. Upon information and belief, Defendants have acted, and are continuing to act, despite an objectively high likelihood that its actions constitute infringement of a valid patent.

62. Upon information and belief, Defendants knew or should have known of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Defendants.

63. Pursuant to 35 U.S.C. § 284, ZTJT is entitled to damages for Defendants' infringing acts. Defendants' acts further constitute willful and deliberate infringement, entitling ZTJT to

enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs under 35 U.S.C. § 285.

64. Unless Defendants are enjoined, they will continue to infringe the '914 Patent directly and to induce their customers to infringe the '430 Patent.

65. As a direct and proximate result of Defendants' infringement of the '430 Patent, ZTJT has suffered irreparable harm. Monetary damages alone cannot compensate for this harm. Unless Defendants are enjoined from further infringement, Defendants will continue to harm ZTJT irreparably

## REQUEST FOR RELIEF

WHEREFORE, ZTJT asks this Court to:

a. Find that the Asserted Patents are valid and enforceable;

b. Find that Defendants have infringed the Asserted Patents;

c. Find that Defendants have induced infringement of the Asserted Patents at least since receiving notice of this action;

d. Find that Defendants have willfully infringed, and continue to willfully infringe, the Asserted Patents;

e. Permanently enjoin Defendants from infringing the Asserted Patents;

f. Award ZTJT damages sufficient to compensate it for Defendants' infringement of the Asserted Patents, together with costs and pre-judgment interest;

g. Find that this action constitutes an exceptional case and award ZTJT its attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285; and

15

h.      Award ZTJT such other and further relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

ZTJT requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Respectfully submitted,

Dated:  May 11, 2026

/s/ Edward H. Rice
Edward H. Rice
Marina N. Saito
Steven M. Lubezny
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@ricetechlaw.com
marina@ricetechlaw.com
steve@ricetechlaw.com
(224) 331-0568

*Counsel for Plaintiff,*
*Hong Kong Zhan Teng Jiada Technology Ltd.*

16